UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
JOAN HOLDSWORTH-UDDOH,

    Debtor.                                   Case No. 7-11-10122 SA

MITCHELL HONEYWELL,

    Plaintiff,

v.                                         Adversary No. 11-1028 S

JOAN HOLDSWORTH-UDDOH,

    Defendant.

**MEMORANDUM OPINION REGARDING**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT and**
**DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

On February 07, 2011, Plaintiff Mitchell Honeywell ("Honeywell") initiated this adversary proceeding by filing a Complaint to Determine Dischargeability of Debt (doc 1). Defendant Joan Holdsworth-Uddoh ("Holdsworth") filed her Answer on March 08, 2011 (doc 4). On May 7, 2011, Honeywell filed a Motion for Summary Judgment (doc 6) to which Holdsworth then replied on June 03, 2011 (doc 8). Holdsworth's Response not only responds to Plaintiff's motion but also prays for summary judgment in her favor (doc 8, p. 2). On June 10, 2011, Plaintiff submitted a Reply to Holdsworth's Response (doc 10). The Court will grant in part and deny in part Plaintiff's motion and deny Defendant's cross-motion.[1]

---

[1] The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§1334 and 157(b); this is a core

**Summary Judgment Standard**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Bankruptcy Rule 7056(c)(2). Defendant does not dispute or controvert any of Plaintiff's material facts in her Response (doc 2). Indeed, she agrees that "Summary Judgment should be entered in the instant case," and therefore that Plaintiff's material facts are correct (doc 8, p. 2). For the purpose of Summary Judgment, "[a]ll material facts set forth in movant's statement that are properly supported shall be deemed admitted unless specifically controverted." New Mexico LBR 7056-1(c). Given that Defendant did not "specifically controvert" any of Plaintiff's material facts, all of those facts will be deemed admitted if they are properly supported. In this instance the lack of genuine issues as to material facts makes this case ripe for summary judgment.

**Undisputed Facts**

This Court takes as true the facts that Plaintiff entrusted Defendant with 676 gold coins in 2008, and that Defendant converted 190 of those coins, worth $248,000 in total.

---

proceeding pursuant to 28 U.S.C. §157(b)(2)(I); and these are findings of fact and conclusions of law as may be required by Rule 7052 F.R.B.P.

Page -2-

Furthermore, this Court takes as true the fact that the parties litigated this issue in the Thirteenth Judicial District Court for the County of Valencia, New Mexico ("State Court"), in Honeywell v. Holdsworth-Uddoh, Case No. D-0725 CV 2009-00001 ("State Court Case").

**Res Judicata & Collateral Estoppel**

Defendant argues that the State Court Case exerts a res judicata effect on this adversary case, preventing Plaintiff from "retry[ing] his New Mexico State Court case" before this Court (doc 8, pp. 6-7). However, the Supreme Court has made clear that res judicata does not apply here and "the bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of respondent's debt." Brown v. Felsen, 442 U.S. 127, 140 (1979). That is precisely what is at issue here. As was the case in Brown, the inapplicability of res judicata "permit[s] the bankruptcy court to make an accurate determination whether respondent in fact committed the deceit, fraud and malicious conversion which petitioner alleges." Id. at 136.

However, the Bankruptcy Court may not retry the case in its entirety. The Supreme Court was careful to make clear that Brown only applies to res judicata and not to the narrower doctrine of collateral estoppel. Id. at 140, n. 10; See also Klemens v. Wallace (In re Wallace), 840 F.2d 762, 764 (10th Cir. 1988).

After Brown, the Supreme Court clarified that collateral estoppel applies in nondischargability proceedings under the bankruptcy code. Grogan v. Garner, 498 U.S. 279, 284 (1991); see also In re Wallace, 840 F.2d at 764. Collateral estoppel precludes factual issues from being relitigated if:

> (1) the issue to be precluded is the same as that involved in the prior state action, (2) the issue was actually litigated by the parties in the prior action, and (3) the state court's determination of the issue was necessary to the resulting final and valid judgment.

In re Wallace, 840 F.2d at 762 (citations omitted). Plaintiff requests that the entire "state court findings of fact and conclusions of law" be given collateral estoppel effect in this Court (doc 6, p. 1; doc 6, ex. 1). The first and second elements are fulfilled since these findings were issued pursuant to a trial on the merits in state court. It does not appear, nor does Defendant allege, that any of the State Court's findings of fact were not necessary to its final judgment. Therefore, the findings of fact and conclusions of law issued in the State Court Case are entitled to collateral estoppel effect.

**Analysis under §523(a)(2)(A)**

To prevail in an action under §523(a)(2)(A), Plaintiff must prove the following elements:

1) The debtor made a false representation;

Page -4-

2) the debtor made that representation with the intent to deceive the creditor;

3) the creditor relied on the representation;

4) the creditor's reliance was justified; and

5) the creditor was damaged as a result of that reliance.

See Lazaron v. Lucas (In re Lucas), 386 B.R. 332, 337-338 (Bankr. D.N.M. 2008). Plaintiff cites two statements that his property was safe as false representations (doc 6, p. 5; doc 6, ex. 1, ¶ 14, 38). These statements are entitled to collateral estoppel and therefore satisfy the first element of §523(a)(2)(A). Plaintiff further requests that this Court infer the additional four elements from the State Court's findings about Defendant's conduct in concealing the conversion, and her apparent use of the converted coins. With respect to the second element, such an inference might be possible from the State Court findings. However, the State Court made no findings about Plaintiff's reliance on Defendant's assurances, and Plaintiff did not assert anything related to his reliance in his statement of undisputed facts (doc 6, pp. 1-2) or the complaint (doc 1). Thus, Plaintiff's pleadings are insufficient with respect to §523(a)(2)(A).

**Analysis under §523(a)(4)**

Bankruptcy Code Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary

Page -5-

capacity, embezzlement or larceny." 11 U.S.C. §523(a)(4).
Plaintiff alleges in his Motion for Summary Judgment that
"Defendant committed larceny when she wrongfully obtained the
combination to the safe," (doc 6, p. 6) and that "Defendant
committed embezzlement when she converted the coins in the safe
and spent them," (doc 6, p. 6).

In the first place, the State Court did not make a finding
as to how Defendant obtained the combination to the safe, and
Plaintiff failed to allege in his statement of undisputed facts,
or even in his Complaint that she obtained the combination
through larceny (doc 6, pp. 1-2; doc 1).  Thus, Plaintiff has not
alleged sufficient facts to show that Defendant did obtain the
combination to the safe through larceny.  The question remains
however: Does Defendant's conversion of the funds qualify as
embezzlement?  In re Wallace sets out the standard:

> For purposes of establishing nondischargeability under
> section 523(a)(4), embezzlement is defined under
> federal common law[2] as "the fraudulent appropriation of
> property by a person to whom such property has been
> entrusted or into whose hands it has lawfully come."

---

[2]As In re Wallace notes, this is also the definition of embezzlement in New Mexico.  In re Wallace, 840 F.2d at 765 (citations omitted).  However, Federal law controls the meaning of embezzlement and larceny with respect to §523(a).  See Soisson v. Hildebrandt (In re Hildebrandt), 2011 WL 2447738 (Bankr. S.D. Miss. 2011) (citing Smith v. Hayden (In re Hayden), 248 B.R. 519, 525 (Bankr. N.D. Tex. 2000)); In re Henderson, 423 B.R. 598, 624 (Bankr. N.D. N.Y. 2010.)

Page -6-

In re Wallace, 840 F.2d at 765 (citations omitted). Even though Defendant "did not have the mental capacity to agree to a bailment" (doc 6, ex.1, p. 12) embezzlement under §523(a)(4) does not require the existence of a fiduciary relationship. Id. The issues relevant to establishing a §523(a)(4) claim of larceny are "fraudulent appropriation, property of another, and entrustment or lawful acquisition." Id. at 765. Defendant's state court liability for conversion of Plaintiff's property demonstrates the first two elements (doc 6, ex. 1, p. 12). Plaintiff's statement of material undisputed facts alleges that "Plaintiff entrusted 676 gold coins to Defendant during 2008," (doc 6, p. 1). Defendant has failed to controvert this in her response (doc 8, pp. 1-2), and it is therefore deemed admitted. New Mexico LBR 7056-1. Thus Defendant's debt to Plaintiff is nondischargeable under §523(a)(4) on account of her embezzlement of Defendant's gold coins.

**Analysis under §523(a)(6)**

Bankruptcy Code Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6). Plaintiff's Motion for Summary Judgment does not assert in its statement of material undisputed facts that any act by the debtor was willful and malicious (doc 6, pp. 1-2), nor did the State Court reach any such conclusion (doc 6, ex. 1, p. 12).

The "willful and malicious" element of §523(a)(6) is a question of intent, and therefore a factual matter. See Robinson v. Tenantry (In re Robinson), 987 F.2d 665, 669 (10th Cir. 1993). Therefore, this Court must determine if the findings in the State Court Case, binding on this Court through collateral estoppel, prove willful and malicious intent. As a threshold issue, Defendant was found liable for state law conversion, which does not require a showing of intent (doc 6, ex. 1, p. 12). See Santillo v. N.M. Dept. Of Pub. Safety, 143 N.M. 84, 92, 173 P.3d 6, 14, 2007-NMCA-159, ¶30 (Ct.App.), cert. denied, 143 N.M. 156, 173 P.3d 763, 2007-NMCERT-11 (2007). Thus, this Court is not estopped from reaching the issue of intent. However, the State Court did find significant anomalies with respect to the Defendant's mental state, including that she is mentally ill, believes herself to be a telepath, is unable to discern reality from fantasy, her judgment, thinking and mood are impaired, she may be afflicted with paranoid schizophrenia, and that she otherwise lacks mental competence (doc 6, ex. 1, p. 9, 12). Given these troublesome findings, Plaintiff cannot be said to have proven Defendant's intent by a preponderance of the evidence. See Grogan v. Garner, 498 U.S. 279, 287 (1991)(establishing preponderance of the evidence as the evidentiary standard for all nondischargeability actions). Thus,

this Court must deny Plaintiff's Motion for Summary Judgment with respect to §523(a)(6).

**Conclusion**

With respect to Plaintiff's complaint under §523(a)(2) and §523(a)(6), issues of fact remain and summary judgment must therefore be denied.  On the other hand, Plaintiff has shown that Defendant embezzled gold coins entrusted to her by Plaintiff, which is a ground for nondischargeability under §523(a)(4), so the Court will grant judgment to Plaintiff under §523(a)(4).

Defendant prays in her Response that "Summary Judgment should be entered in her favor" (doc 8, p. 2).  Having granted summary judgment on at least one cause of action to Plaintiff, the Court cannot grant summary judgment to Defendant on the same cause of action.  In addition, contrary to Defendant's arguments, the State Court Case does not exert a res judicata effect upon bankruptcy court nondischargeability proceedings.

An order in conformity with this memorandum will issue.

*[signature]*

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  October 5, 2011

Copies to:

Michael K Daniels
Attorney for Plaintiff
PO Box 1640
Albuquerque, NM 87103-1640

Steven J Clark
Attorney for Defendant
PO Box 1108
Peralta, NM 87042-1108